**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-07-10-JHP |
| ERIC NELSON BERTRAM, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Before the Court is Defendant Eric Nelson Bertram's Motion to Dismiss (Docket No. 44) and the Government's Response to Defendant's Motion to Dismiss (Docket No. 48). Defendant requests that the Court dismiss the Government's case against him pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. For the reasons stated below, Defendant's motion is DENIED.

## Background

Defendant was indicted by a federal grand jury in the Eastern District of Oklahoma for Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment was filed on February 14, 2007. Defendant made his initial appearance before United States Magistrate Judge Steven P. Shreder on February 28, 2007. Upon Defendant's oral motion, the Magistrate Judge appointed the Federal Public Defender to represent Defendant. Defendant entered a plea of not guilty to Count 1 of the Indictment and the case was set for jury trial on April 2, 2007.

On March 26, 2007, counsel for Defendant filed a Motion to Suppress (Docket No. 30), requesting that the Court exclude the evidence seized by law enforcement officials during a search of Defendant and his vehicle following a traffic stop on September 20, 2006, including the two guns that form the basis of the offense charged in the Indictment, on the basis that the

search violated the Fourth Amendment to the United States Constitution.  The following day, counsel for Defendant filed a Notice to Court of Schedule Conflict, informing the Court that the April 2, 2007 trial date conflicted with a separate trial in which he was counsel before United States District Judge Ronald White, which was scheduled to begin on the same day.

Following the filing of these documents, the Court struck the April 2, 2007 trial date and referred the Motion to Suppress to Magistrate Judge Shreder for findings and recommendations.  The Magistrate Judge conducted a hearing on the Motion on April 6, 2007.  That same day, the Court received Defendant's Motion to Dismiss pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  In his Motion, Defendant alleges that he expressly directed his counsel not to "file any delays or come to the defendant with any plea agreements."  (Def.'s Mot. at 1.)  Accordingly, Defendant requests that the Court dismiss the Government's case against him "due to the delay caused by defense attorney without consulting defendant solely for the purpose of juggling [h]is overcrowded schedule."[1]  (Def.'s Mot. at 2.)

## Discussion

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an...indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the...indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).  "If a defendant is not brought to trial within the time limit required by section

---

[1] To the extent Defendant alternatively requests that the Court remove Assistant Federal Public Defender Robert Ridenour as his counsel in this case, the Court notes that the Magistrate Judge previously granted Defendant's oral motion (Docket No. 42), made during the hearing on Defendant's Motion to Suppress, to discharge Mr. Ridenour as his counsel in this case.  As such, Defendant's alternative request is moot.

3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C.A. § 3162(a)(2).

As noted above, Defendant made his initial appearance on February 28, 2007. At the time Defendant's Motion to Dismiss was filed on April 6, 2007, only 37 days had elapsed since Defendant's initial appearance, far short of the 70 days permitted for commencement of trial under § 3161(c)(1).[2] Indeed, as of the date of this order, the 70 day time limit has still not been exceeded. Thus, in spite of Defendant's arguments to the contrary, the delay occasioned by the filing of the Motion to Suppress by his counsel, whether or not in contravention of Defendant's instructions, does not constitute a violation of the Speedy Trial Act.

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 44) is hereby DENIED.

IT IS SO ORDERED this 24th day of April 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2] Although unnecessary to the resolution of this matter, as the 70 day deadline contemplated in § 3161(c)(1) has yet to pass, the Court notes that pursuant to 18 U.S.C. § 3161(h), certain "periods of delay shall be excluded...in computing the time within which the trial of any...offense must commence." These periods include, but are not limited to, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F), and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J).