# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|                            ) | |
|     Plaintiff,             ) | |
|                            ) | |
| v.                         ) | Case No. CR-07-10-JHP |
|                            ) | |
| ERIC NELSON BERTRAM,       ) | |
|                            ) | |
|     Defendant.             ) | |

## ORDER AFFIRMING AND ADOPTING
## THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation (Docket No. 50) of United States Magistrate Judge Steven P. Shreder regarding Defendant Eric Nelson Bertram's Motion to Suppress (Docket No. 30). This matter was initially referred to the Magistrate Judge on March 28, 2007 pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge conducted a hearing in this matter on April 6, 2007.

At the hearing, counsel for Defendant indicated that a conflict of interests had developed between himself and Defendant based in part upon Defendant having filed a complaint against him with the Oklahoma Bar Association. Upon inquiry by the Magistrate Judge, Defendant acknowledged that he had filed a bar complaint against his counsel and made an oral motion to dismiss his counsel, which the Magistrate Judge granted. Defendant also expressed his desire to represent himself and declined the appointment of new counsel to represent him. Accordingly, and in light of Defendant's repeated desire to avoid additional delays in his case, the Magistrate Judge permitted the hearing to proceed, with Defendant cross-examining the Government's witnesses and testifying on his own behalf. The Magistrate Judge also directed court personnel to provide Defendant with copies of documents filed in the docket but not in his possession and

permitted Defendant to review the Government's copies of the records pertaining to the canine whose reliability was the subject of the Motion to Suppress.  After giving Defendant time to review these documents, the Magistrate Judge allowed Defendant to ask additional questions of the witnesses.  At the conclusion of the hearing, the Magistrate Judge took Defendant's Motion under advisement and issued an order appointing standby counsel to assist Defendant.

Subsequently, on April 13, 2007, the Magistrate Judge issued his Report and Recommendation, in which he recommended that Defendant's Motion to Suppress be denied.  Defendant was informed that he would have 10 days from receipt of the Report and Recommendation in which to file any objections.  Accordingly, on April 20, 2007, Defendant filed his objections to the Magistrate Judge's Report and Recommendation, to which the Government responded on April 23, 2007.  The Court addresses Defendant's objections separately below.

Defendant first asserts that because he was handcuffed and shackled during the hearing, he was prevented from "taking...notes and accessing documents needed to properly impeach [the] testimony of witnesses."  (Def.'s Objections ¶ 1.)  Having reviewed the audio recording of the proceedings, however, the Court notes that Defendant never raised any such concerns with the Magistrate Judge.  Moreover, as noted above, Defendant vigorously cross-examined witnesses and was given time by the Magistrate Judge to review documents in the Government's possession and to reexamine witnesses on information contained therein.  Finally, although Defendant's ability to take notes may have been impeded somewhat, in light of his thorough examination of the Government's witnesses, Defendant has failed to demonstrate that such limitations had any significant impact on the proceedings or on his ability to represent himself.

Defendant next contends that the "[a]rresting officers failed to provide any evidence that

a ticket was written and a lawful stop occurred." (Def.'s Objections ¶ 2.) In contrast to Defendant's contention, however, the Magistrate Judge explicitly found that "Defendant was stopped after a police officer observed through the use of radar that he was speeding in violation of [Okla. Stat. tit. 47, § 11-801(b)(2)]." (Report and Recommendation at 4.) Indeed, Muskogee Police Officer Danny Dupont testified both that he initially stopped Defendant because Defendant was speeding and that he subsequently wrote Defendant a ticket. Defendant's contention is therefore wholly inaccurate, as evidence was clearly presented on both points through the testimony of the arresting officer.

Defendant also alleges that "[t]he drug dog never alerted to narcotics but rather the handler lied and saved the search." (Def.'s Objections ¶ 3.) In reaching a contrary conclusion, the Magistrate Judge found that "[b]ased on the substance of the testimony presented at the hearing, and the demeanor of the witnesses who testified...the accounts given by the officers [were] more credible" (Report and Recommendation at 2) and "that...the canine sniff of his vehicle *did* result in an alert." (Report and Recommendation at 3.) The Court notes that the Magistrate Judge was clearly in the best position to judge the credibility of the witnesses who testified at the hearing. *See United States v. Toro-Pelaez*, 107 F.3d 819, 824 (10th Cir.), *cert denied*, 522 U.S. 845 (1997) ("'[T]he credibility of witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge.'"), quoting *United States v. Foster*, 100 F.3d 846, 849 (10th Cir. 1996). Moreover, having reviewed the audio recording of the hearing, the Court is inclined to agree that, notwithstanding Defendant's arguments and testimony to the contrary, the testimony offered by the Government's witnesses, particularly that of the canine's handler, Muskogee Police Officer C.B. Abel, clearly supports the Magistrate Judge's finding that the canine did alert on

Defendant's vehicle.

Defendant next asserts that he "observed (5) officers at the scene [including] two Muskogee City Police, two county sheriff deputies, [and] one Oklahoma Highway Patrol" and argues that the fact that "[o]nly two officers were present as witnesses...den[ied] [D]efendant access to the other three." (Def.'s Objections ¶ 4.) The Court notes, however, that counsel for Defendant did not subpoena the other officers as witnesses for the suppression hearing and that Defendant, after seeking and obtaining leave to discharge counsel and represent himself, never requested a continuance of the hearing so that he might subpoena additional witnesses. Additionally, Defendant cites no authority establishing that the Government is obligated to produce all potential fact witnesses at a hearing. Finally, Defendant has not demonstrated, and does not allege, that the testimony of these additional officers would alter the validity of the Magistrate Judge's findings and recommendation.

Defendant next asserts that "Officer Ab[el] failed to file an aff[i]davit of probable cause as required by state law on roadside searches." (Def.'s Objections ¶ 5.) However, Defendant fails to cite any authority requiring the filing of such an affidavit by an officer engaged in "roadside searches." Accordingly, the Court finds Defendant's objection on this point to be without merit.

Defendant also argues that in contrast to footnote 4 of page 6 of the Magistrate Judge's Report and Recommendation, he "has never stated a drug dog in Texas alerted to his vehicle." (Def.'s Objection ¶ 6.) To the extent that this footnote has no apparent bearing on the validity of the Magistrate Judge's Report and Recommendation, the Court finds Defendant's objection relating to the Magistrate Judge's statement in this footnote to be irrelevant.

Defendant next contends that his vehicle "was classified as a recreational vehicle which

was used for living quarters" and that this "affords [D]efendant a reasonable expectancy of privacy not afforded a regular automobile in the same circumstances." (Def.'s Objections ¶ 7.) The Court notes that nowhere in his testimony did Defendant present evidence supporting his contention that the vehicle he was driving is a recreational vehicle. Nevertheless, even assuming Defendant's statement that his vehicle is used for living quarters is true, as the U.S. Supreme Court has noted, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment...permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *see also California v. Carney*, 471 U.S. 386, 394 (1985) ("Our application of the vehicle exception has never turned on the other uses to which a vehicle might be put.") Because Defendant's vehicle is clearly mobile, Defendant's argument on this point is without merit.

Defendant also notes that the Magistrate Judge "failed to comment on the absence of a police car video which could witness to the 'no alert' of the dog and the 'planting' of the gun in [Defendant's] pants pocket." (Def.'s Objections ¶ 8.) As the Magistrate Judge possessed sufficient other evidence, in the form of the officers' testimony, to support his findings, neither the absence of such a video nor the Magistrate Judge's failure to comment on such absence affects the validity of the Report and Recommendation.

Defendant also objects to the Magistrate Judge's "fail[ure] to mention in the Report that the canine has been 'put down' so early in his drug sniffing career." (Def.'s Objections ¶ 9.) From the uncontested testimony at the hearing, it appears that the canine at issue was put down some months after the stop giving rise to Defendant's arrest because of back problems. Insofar as Defendant fails to establish how such information would be relevant to the Magistrate Judge's determination that the canine was reliable and therefore provided probable cause justifying the

search of Defendant's vehicle, Defendant's objection on this point is irrelevant.

Finally, Defendant asserts that "[o]fficers knew [D]efendant was a convicted felon after an NCIC was done for outstanding warrants" but that "[o]fficers testified this information was not available until after the gun was found." (Def.'s Objections ¶ 10.) As Defendant does not allege that such knowledge would itself affect the legality of the officers' search of Defendant and his vehicle, Defendant appears simply to be challenging the credibility of the officers. As noted above, the Magistrate Judge is in the best position to determine the credibility of the witnesses. Moreover, the existence of conflicting testimony as to a fact that does not itself have a direct bearing on the appropriateness of the officers' search of Defendant and his vehicle does not undermine the validity of the Magistrate Judge's Report and Recommendation.

Because Defendant's objections fail to raise any new issues of law or fact that would alter the viability of the Magistrate Judge's Report and Recommendations, the Court finds Defendant's objections to be without merit. Instead, after carefully reviewing both the Report and Recommendation and the record in this case, and having listened the audio recording of the hearing in this matter, the Court concludes that the Report and Recommendation correctly applies applicable law to the facts of this case in a thorough and well-reasoned manner. Accordingly, the Court adopts the Report and Recommendation as the findings and order of this Court. For the reasons stated in the Report and Recommendation, Defendant Eric Nelson Bertram's Motion to Suppress (Docket No. 30) is hereby DENIED.

IT IS SO ORDERED this 3rd day of May, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma