# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-010-JHP |
| ) | |
| ERIC NELSON BERTRAM, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court is Plaintiff United States of America's Motion in Limine (Docket No. 105). Plaintiff seeks an order prohibiting Defendant Eric Nelson Bertram from discussing in the presence of the jury, or presenting any evidence regarding, the validity of any prior felony convictions upon which Defendant's prosecution under 18 U.S.C. § 922(g)(1) is predicated. Defendant has failed to respond to Plaintiff's Motion. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## Background

On September 20, 2006, the defendant was arrested by the Muskogee Police Department in the Eastern District of Oklahoma for possessing two firearms after having previously being convicted of a crime punishable by imprisonment for a term exceeding one year. On January 29, 2007, a Criminal Complaint was filed in the Eastern District of Oklahoma charging the defendant with possessing two firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Defendant was indicted by a federal grand jury on February 14, 2007 for Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Plaintiff predicates Defendant's prosecution under 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

on Defendant's previous convictions for Fraud through Postal Service, Use of an Unauthorized Access Device, and False Representation of Social Security Number in the Northern District of Texas/Amarillo Division, Case Number CR2-86-00030 (March 23, 1987); Possession of Unregistered Firearm, Manufacture of Firearm Illegally, and Committing Offense While on Release in the Northern District of Texas/Amarillo Division, Case Number CR2-86-00036 (March 23, 1987); and False Statement in Acquisition of Firearms, Receipt of Firearms by Felon and Receipt, and Possession or Transportation of Firearms by Felon in the Northern District of Texas/Amarillo Division, Case Number CR-2-00005 (November 12, 1982).

## Discussion

18 U.S.C. § 922(g)(1) makes it unlawful "for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." A necessary element of any prosecution under that statute is proof of the existence of a qualifying predicate conviction at the time of the defendant's arrest. In *Lewis v. U.S.*, the Supreme Court examined § 922(g)(1)'s predecessor statute, 18 U.S.C. § 1202(a)(1), and held that, "[the statute] prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." 445 U.S. 55, 65 (1980); *see U.S. v. Williams*, 442 F.3d 1259, 1262 (10th Cir. 2006)(recognizing the applicability of *Lewis* to a prosecution under 18 U.S.C. § 922(g)(1)); *see also United States v. Cisneros-Cabrera*, 110 F.3d 746 (10th Cir. 1997); *United States v. Mayfield*, 810 F.2d 943 (10th Cir. 1987). The Supreme Court found it important to note "that a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm. We simply hold today that the firearms prosecution does not open the predicate conviction to a new form of collateral attack." *Lewis,* 445 U.S. at 67 (internal citations omitted).

In the present case, it is apparent that, should he wish to do so, the defendant cannot collaterally attack the validity of his predicate convictions in this action. The Supreme Court has made it clear that it is "the mere fact of conviction" that is relevant to a prosecution under § 922(g)(1). *Lewis*, 445 U.S. at 67; *Williams*, 442 F.3d at 1262. This Court is not the proper forum, nor is this action the proper vehicle, for the defendant to attack the validity of any predicate convictions. *See Williams*, 442 F.3d at 1262. Defendant is free to challenge the *existence* of any predicate convictions, but he cannot make statements, nor introduce evidence attacking the validity of those predicate convictions in the presence of the jury.

As a result, Plaintiff's Motion in Limine must be GRANTED.

## Conclusion

For the reasons set forth above, Plaintiff United States of America's Motion in Limine (Docket No. 105) is GRANTED.

IT IS SO ORDERED this 28th day of September, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma